**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CEDRIC GREENE, | Case No. 1:20-cv-776 |
| Plaintiff, | |
| v. | Black, J.<br>Bowman, M.J. |
| OFFICE OF THE COMPTROLLER<br>OF THE CURRENCY, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

On September 29, 2020, Plaintiff initiated his third civil case in this Court by filing a "motion for an order to file a civil action" without actually including a filing fee or motion seeking leave to proceed *in forma pauperis*, or a complaint that would be subject to screening. The undersigned now recommends that the instant case be DISMISSED *sua sponte* as a duplicative case designed to abuse the litigation process and for lack of federal jurisdiction and/or improper venue. Consistent with this Report and Recommendation, the undersigned further recommends the imposition of pre-filing restrictions to be imposed upon Plaintiff prior to accepting any initiation of any new case in this Court.

**I.     Background**

Plaintiff's motion seeks "An Order to file a civil action as pro se and request for judicial notice." (Doc. 1). The motion explains that Plaintiff previously filed an identical case in the U.S. District Court for the Northern District of Texas, but that Plaintiff's "legal request before that judicial venue…is not obtaining attention." (*Id.* at 2; *see also id.* at 6,

citing *Greene v. Comptroller, et al.*, Case No. 3:20-cv-406 (N.D. Tex. 2020)). Plaintiff explains that the Texas court has imposed filing restrictions that impede his ability to gain relief, that transferring to another division in Texas is not possible, and that asking for the Fifth Circuit "to intervene would not be within the best interest of Cedric Greene," because the Fifth Circuit also does not "believe that [Plaintiff] is owed any respect, and has informed him that he was wasting valuable resources of their circuit." (*Id.* at 3).

Although Plaintiff has an extraordinary history in many other courts, Plaintiff has only recently appeared in this Court. Plaintiff resides in California, where he previously was imprisoned. He first appeared in this court when he filed a similar motion in the Columbus Division on March 26, 2020 that sought "leave to file a civil complaint." *See Greene v. JPMorgan Chase, National Assoc.*, Case No. 2:20-cv-1558-EAS-EPD. That motion asserted it was based upon pre-filing restrictions imposed by the U.S. Court of Appeals for the Tenth Circuit. *See Greene v. Sprint Nextel Corporation*, 750 Fed. Appx. 661, 666-67 (10th Cir. Sept. 20, 2018). As Magistrate Judge Deavers noted in her order addressing Plaintiff's motion, Case No. 2:20-cv-1558 appeared to be the first case that Plaintiff had filed within the Sixth Circuit. Any federal court may take judicial notice of proceedings of record filed in other courts. However, pre-filing restrictions traditionally are limited to the jurisdiction of the court from which they have issued, and no pre-filing restrictions have been imposed by this Court. Thus, notwithstanding Plaintiff's failure to tender a complaint, Judge Deavers gave Plaintiff the benefit of the doubt and allowed him to proceed with his first case.

On May 4, 2020, Judge Deavers recommended dismissal of that same case in this Court for lack of federal subject matter jurisdiction. Over Plaintiff's objections, that Report

and Recommendation ("R&R") was adopted on May 27, 2020. Plaintiff's appeal to the Sixth Circuit remains pending. In her R&R, Judge Deavers noted:

> The Undersigned's far less than exhaustive Westlaw search revealed a truly astounding number of unsuccessful civil actions filed by Plaintiff…both during his time as an inmate and in the years since his release. Plaintiff has filed suit against defendants as diverse as the United States Postal Service (*Greene v. United States Postal Serv.*, No. C19-0129-JCC, 2019 WL 859134 (W.D. Wash. Feb. 22, 2019), *appeal dismissed*, No. 19-35214, 2019 WL 8266872 (9th Cir. Sept. 17, 2019)); McDonald's (*Greene v. McDonalds Rest.*, No. 11-CV-2563-JM WMC, 2011 WL 5546900 (S.D. Cal. Nov. 14, 2011)); various housing authorities (*see, e.g., Greene v. Hous. Auth. of City of Los Angeles*, No. 18-1009-EFM, 2018 WL 10456442 (D. Kan. Mar. 9, 2018), *aff'd sub nom. Greene v. Sprint Nextel Corp.*, 750 F. App'x 661 (10th Cir. 2018)); and 776 Fed. Appx. 983; and the Comptroller of Currency, *Greene v. Office of Comptroller of Currency*, 776 F. App'x 983 (10th Cir. 2019), *reh'g denied* (Oct. 2, 2019)).
>
> Plaintiff has sought to proceed in courts at every level of the federal courts system including United States District Courts in Colorado, Kansas, Nevada, Utah, Washington, and Texas; United States Courts of Appeals in the 5th, 8th, and 10th Circuits; and the United States Supreme Court.
>
> He has been declared a vexatious litigator minimally by courts in Nevada (*see Greene v. Dantzler*, No. 215CV02096GMNPAL, 2017 WL 663672 (D. Nev. Jan. 27, 2017), *report and recommendation adopted sub nom. Greene*, No. 215CV02096GMNPAL, 2017 WL 663241 (D. Nev. Feb. 15, 2017) and California. *Greene v. Hous. Auth. of City of Los Angeles*, No. 3:19-CV2713-K-BH, 2019 WL 6619835 (N.D. Tex. Nov. 15, 2019), report and recommendation adopted, No. 3:19-CV-2713-K, 2019 WL 6619194 (N.D. Tex. Dec. 4, 2019).

(Doc. 7, R&R at n.2).

On September 9, 2020, Plaintiff initiated a second case in this Court by filing a "motion for an order to file a civil action," again seeking pre-filing leave based on filing restrictions imposed by other courts, this time citing the U.S. Court of Appeals for the Fifth Circuit. Plaintiff's second civil case in this Court was opened as *Greene v. Greyhound Lines*, Inc., Case No. 1:20-cv-702-SJD-KLL. Consistent with Judge Deaver's approach, Magistrate Judge Litkovitz denied Plaintiff's motion as moot, while directing Plaintiff to

3

tender the prerequisites for filing any civil case (a complaint and a motion for leave to proceed *in forma pauperis*) by October 9, 2020. Plaintiff recently sought additional time in which to file his complaint based upon a change of address to a new homeless shelter, and the alleged hostility of other courts to his attempts to obtain relief. (*See id.*, Doc. 3 at 3, "it's difficult to obtain success when he is only permitted to proceed to a certain point, or the wall that is built to block him is far to[o] titanic for him to climb in particular venues.").[1] Judge Litkovitz granted Plaintiff's motion; therefore, Plaintiff is permitted to file a complaint in Case No. 1:20-cv-702 up through November 9, 2020.

During the same period of time in which he sought additional time in which to file a complaint in his second case, Plaintiff initiated the above-captioned case.

## II.     Analysis of Plaintiff's Vexatious Litigation History

The instant case is the third case opened by Plaintiff in the same improper manner, in disregard of prior instructions (by Magistrate Judges Deavers and Litkovitz) explaining that he is required to tender an actual complaint as well as a motion to proceed *in forma pauperis*. This third case illustrates a pattern and practice of frivolous litigation by Plaintiff that, as Judge Deavers previously acknowledged, has been well-recognized by many other district courts as well as federal appellate courts outside the Sixth Circuit.[2] A brief search on the Public Access to Court Electronic Records ("PACER") reveals that Plaintiff has filed a total of 208 cases at the district court level, and 62 appeals to the circuit courts through the date of this Report and Recommendation. Besides the three cases filed in

---

[1] In Case No. 1:20-cv-702, Plaintiff's first motion explains that he seeks to file in this Court based upon the dismissal of the same claims pursued in a prior case and the Fifth Circuit's refusal to transfer venue of that case to the Sixth Circuit. Thus, like the instant case, it appears that Case No. 1:20-cv-702 also has been initiated in this Court for the sole purpose of filing a duplicate case in a new forum after the dismissal of an earlier case in the Fifth Circuit.

[2] Plaintiff has filed numerous cases in the state courts, which the undersigned has not attempted to quantify at this time.

this Court, Plaintiff has filed civil cases in the Eastern District of Arkansas (2 cases), the Western District of Arkansas (2 cases), the Central District of California (79 cases), the Eastern District of California (55 cases), the Northern District of California (1 case), the Southern District of California (5 cases), the District of Colorado (22 cases), the District of Kansas (5 cases), the District of Nevada (15 cases), the Northern District of Texas (7 cases), the District of Utah (12 cases), and the Western District of Washington (1 case). In addition to his pending Sixth Circuit appeal of the dismissal of Case No. 2:20-cv-1558-EAS-EPD, Plaintiff has appealed 61 other adverse rulings to the Fifth Circuit (7 cases), to the Eighth Circuit (3 cases), to the Ninth Circuit (18 cases), and to the Tenth Circuit Court of Appeals (33 cases). Plaintiff also has filed numerous petitions and motions in the U.S. Supreme Court. Virtually all of Plaintiff's district court cases have been dismissed as frivolous, for lack of jurisdiction, and/or for improper venue. Plaintiff's appeals of the adverse district court rulings have been dismissed in summary fashion on the merits, for procedural defects, or at Plaintiff's own request.

Based upon Plaintiff's extraordinary history and wasteful consumption of judicial resources, multiple courts have imposed prefiling restrictions, including federal district courts in Texas, Nevada, Colorado, Utah, Kansas and California, as well as the Fifth, Ninth, and Tenth Circuits.[3] Even the United States Supreme Court has called out Plaintiff's abusive litigation practices and imposed pre-filing restrictions: "As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule

---

[3]In the interests of time and judicial economy, this list is illustrative, but is not necessarily exhaustive.

38(a) is paid and petition submitted in compliance with Rule 33.1." *In re Cedric Greene*, 136 S.Ct. 2014 (Mem) (May 16, 2016).

It appears that the Southern District of Ohio has become Plaintiff's latest target for pursuing frivolous litigation, after the same or substantially similar claims have been rejected by other courts. In fact, Plaintiff's motion in the instant case explains his intention to re-file a new complaint in this Court due to his inability to obtain relief in a still-pending case in Texas. *See Greene v. Comptroller,* Case No. 3:20-cv-406-S-BT. There, Plaintiff also initiated litigation by filing a motion seeking leave to file a civil case. U.S. Magistrate Judge Rebecca Rutherford did not permit the filing of that complaint but instead recommended a *sua sponte* dismissal without prejudice after taking judicial notice of the number of sanction orders previously imposed by other district courts including:

> *Greene v. Men's Central Jail*, No. 2:11-CV-2359 (C.D. Ca. May 10, 2011) (unpublished order) (barring Greene from filing any complaint unless he has filed a motion for leave to file a complaint that includes a copy of the recommendation and order imposing the filing restrictions and a copy of the proposed complaint, and a judge of that court has granted him leave to file the complaint); *Greene v. Sprint*, No. 6:18-CV1005, 2018 WL 851345, at *2 (D. Kan. Feb. 14, 2018) (same); *Greene v. Office of the Comptroller of the Currency*, No. 1:19-CV-00821 (D. Colo. June 13, 2019) (same); *Greene v. Gray*, No. 2:16-CV-804, 2017 WL 3705075, at *1 (D. Utah Aug. 28, 2017) (restricting ability to file a new case).

*Id.*, (Doc. 6 at 2, Findings, Conclusions and Recommendations of Magistrate Judge filed 06/09/2020). As noted by Judge Rutherford, Plaintiff previously filed suit against the same two Defendants in Colorado, but that case was dismissed for improper venue and the Colorado court imposed filing restrictions. *See Greene v. Office of the Comptroller of the Currency*, Case No. 1:19-cv-821-LTB (D. Colo. June 13, 2019), affirmed at 776 Fed. Appx. 983 (10th Cir. 2019).

6

Magistrate Judge Rutherford cited the Fifth Circuit's expressed willingness, under appropriate circumstances, to enforce "outstanding sanction orders of sister courts" outside the Fifth Circuit, and similar rulings made by other courts in the Northern District of Texas. (Doc. 6 at 3-4, collecting cases and citing *Schmidt v. Van Buren*, 243 Fed. Appx. 803 at \*\*1-2 (5th Cir. 2007) (per curiam)). Other courts that have imposed pre-filing restrictions on Plaintiff similarly have acknowledged and adopted restrictions imposed by sister courts. *See, e.g.*, *In re Cedric Greene*, Case No. 08-80128 (9th Cir. June 2, 2009) (ordering all notices of appeal or petitions filed by Cedric Greene are subject to pre-filing review based on his history of filing meritless appeals); *see generally Greene v. Sprint Nextel Corp.*, 750 Fed. Appx. at 666; *Greene v. Alhambra Hospital Medical Ctr.*, 2016 WL 3176596 (D. Nev. May 17, 2016) (Imposing prefiling restrictions after pointing out that plaintiff had filed in that district "[a]s a means to avoid the Central District's vexatious litigant order and in light of his lack of success circumventing that order by initiating lawsuits in other districts.").

The undersigned recommends that this Court follow suit. Ordinarily, when a pro se plaintiff files numerous frivolous lawsuits in this district and seeks to do so *in forma pauperis,* the undersigned will first issue an order warning that the litigant that he is in danger of being labeled a "vexatious" litigator. However, the instant case presents the rare circumstance where the undersigned recommends the imposition of immediate pre-filing restrictions, without a formal warning order.[4] *Accord Emrit v. Trump*, 2019 WL

---

[4]Other courts have held that where a court is "not imposing any new sanction…there [is] no need to warn [the plaintiff] or allow him to challenge the sanction." See *Sparkman v. Charles Schwab & Co.*, 336 Fed. Appx. 413, 415 (5th Cir. 2009). However, to the extent that any additional warning is required, the undersigned alternatively recommends that the objection period for this Report and Recommendation suffice as such warning.

7

140107, at *3 (S.D. Ohio Jan. 9, 2019) ("Given Plaintiff's unusually extensive nationwide litigation history, the undersigned is not unduly troubled by the lack of a prior express warning by this Court."). As referenced herein, Plaintiff has been repeatedly warned (to no effect) and ultimately banned from filing complaints and/or appeals *in forma pauperis* by numerous other district and appellate courts. Additionally, Plaintiff's three cases in this Court follow the same pattern, with Plaintiff opening each case without the filing of the requisite filing fee or motion to proceed without payment of fees, or the inclusion of the tendered complaint.

Plaintiff's motions in this Court allude to pre-filing restrictions imposed by the Fifth and Tenth Circuits and other courts, but Plaintiff makes no effort to actually comply with those restrictions, all of which (at a minimum) require Plaintiff to tender his new complaint for pre-filing screening.[5] Rather than complying with other courts' restrictions, Plaintiff makes clear in this case and in Case No. 1:20-cv-702 that he seeks to evade those restrictions by filing an entirely <u>duplicative</u> case in this Court based upon the rejection of the same claims by another district court. Aside from the fact that Plaintiff is openly forum shopping and admits to seeking to file a case that is duplicative of the Texas case (which itself was duplicative of a previously dismissed Colorado case), Plaintiff offers no hint of how federal subject matter jurisdiction – much less venue – might be appropriate. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Emrit v. National Institutes of Health*, 157 F. Supp.3d 52, 54 (D.C. Ct. 2016) (quoting *Hagans v.*

---

[5]Most courts also require Plaintiff to include a copy of their court's relevant vexatious litigant order imposing the prefiling conditions, as well as a copy of the newly proposed complaint with any motion seeking leave to file a new action. *See, e.g., Alhambra Hosp. Med. Ctr.*, 2016 WL 3176596 at *7.

8

*Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974), additional internal quotation and citation omitted).

The Sixth Circuit has confirmed that it is appropriate to impose sanctions upon pro se litigants who abuse the litigation process in other federal courts. *See e.g., Wilson v. Star Bank*, 173 F.3d 857 (6th Cir. Jan. 28, 1999) (Table, holding that district court acted appropriately in considering prior lawsuits filed by plaintiff in other courts under the PLRA); *see also, generally*, *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264 (6th Cir. 1998). Consistent with this authority, this Court has imposed pre-filing restrictions upon a handful of other litigants who, like Mr. Greene, have been sanctioned repeatedly by numerous federal courts throughout the country without abating their vexatious conduct. *See Emrit v. Trump*, 2019 WL 140107 at *2 ("Notwithstanding such sanctions and admonishments, as well as a resounding lack of success in the federal courts that would give pause to most litigants, Plaintiff has given no hint of abating his pernicious conduct."); *Hurt v. Koch*, 2014 WL 2207349 at*3 (S.D. Ohio May 28, 2014) (relying in part on fact that same plaintiff had been repeatedly warned and ultimately banned from filing complaints and appeals *in forma pauperis* by numerous other districts and appellate courts).

In short, Plaintiff's three cases in this Court in the context of the more than 270 cases and appeals that he has filed to date nationwide, provide a clear record of vexatious litigation. *See Feathers* at 269 (issuing an injunction to "stanch the ongoing flow of meritless and repetitive" cases). Issuing yet another warning to this particular Plaintiff clearly would be of no benefit either to Plaintiff or to this Court. As such, the undersigned recommends classifying Plaintiff as a harassing and vexations litigator such that pre-filing restrictions should be imposed before any additional civil cases may be

opened, and before any complaints will be accepted by this Court. *See Marbly v. Wheatley*, 87 Fed. Appx. 535 (6th Cir. 2004) (mandating that pro se plaintiff first seek leave of court prior to filing a lawsuit); *Stewart v. Fleet Financial,* 229 F.3d 1154 (6th Cir. 2000) (requiring harassing and vexatious pro se litigator to file $25,000 bond prior to filing suit is not an abuse of discretion).

Plaintiff has demonstrated no willingness or ability to curtail his litigation practices nationwide, other than by searching for a new court to bombard. With respect to this unique category of abusive litigators, courts have struggled to find an appropriate remedy that does not expend additional resources in the course of judicial gatekeeping. Thus, courts have restricted such pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Municipal Court,* 114 F.3d 1188 (6th Cir. 1997) (Table, text available at 1997 WL 321112, requiring prefiling certification by attorney); *May v. Guckenberger,* 2001 WL 1842462, *6 (S.D. Ohio 2001) (requiring prefiling certification by attorney or a magistrate judge). In determining the appropriate restriction to be imposed upon Cedric Greene, the undersigned concludes that he should be required to provide a certification from an attorney in order to minimize the further waste of scarce judicial resources. *See generally, Moore v. Hillman,* 2006 WL 1313880, *5 (W.D. Mich. May 12, 2006) (citing *Sassower v. American Bar Assn.,* 33 F.3d 733, 736 (7th Cir.1994)); *Bradford Co. v. Afco Manufacturing, et al.,* 2008 WL 11351632 (S.D. Ohio Aug/ 5, 2008, imposing same sanction upon Jonathan Lee Riches); *Emrit v. Trump,* 2019 WL 140107 (same); *Hurt v. Koch*, 2014 WL 2207349 (same).

### III. Conclusion and Recommendations

For the reasons stated, this case should be dismissed as duplicative and as without federal subject matter jurisdiction or venue, and Plaintiff should be sanctioned to deter him from filing future vexatious and frivolous motions and lawsuits in this Court. Accordingly, **IT IS RECOMMENDED THAT:**

1. The Clerk of Court should correct the typographical error in the record to reflect the correct spelling of the name of the first Defendant, the Office of the Comptroller of the Currency;

2. This case should be **DISMISSED as entirely duplicative of a pending case in Texas, and for lack of subject matter jurisdiction and venue;**

3. Plaintiff Cedric Greene should be declared a harassing and vexatious litigator, and therefore be **ENJOINED AND PROHIBITED** from filing any additional complaints, or from otherwise initiating any new civil case in the Southern District of Ohio, unless:

   a) any motion or document that seeks to open a new civil case is accompanied by a complete copy of the tendered complaint as well as a copy of this Report and Recommendation;

   b) the tendered complaint has been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted;

   c) the complaint is accompanied either by payment of the full filing fee or a motion seeking leave to proceed *in forma pauperis*;

4. The Clerk of Court should be specifically **DIRECTED** not to open any new civil cases in Plaintiff's name <u>absent full compliance with the above restrictions</u>, and should be instructed to dispose of such documents accordingly;

5. Pursuant to 28 U.S.C. § 1915(a)(3), the Court should certify that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis.*

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CEDRIC GREENE,

    Plaintiff,

v.

OFFICE OF THE COMPTROLLER
OF THE CURRENCY, et al.,

    Defendants.

Case No. 1:20-cv-776

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13