# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| CEDRIC GREENE, | : | Case No. 1:20-cv-776 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| OFFICE OF THE COMPTROLLER OF THE CURRENCY, *et al.*, | : | |
| Defendants. | : | |

### DECISION AND ENTRY
### ADOPTING THE REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE (Doc. 2) AND
### TERMINATING THIS CASE IN THIS COURT

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and, on October 7, 2020, submitted a Report and Recommendation. (Doc. 2).

In the Report and Recommendation, the Magistrate Judge "recommends that the instant case be DISMISSED *sua sponte* as a duplicative case designed to abuse the litigation process and for lack of federal jurisdiction and/or improper venue." (*Id.* at 1). The Magistrate Judge "further recommends the imposition of pre-filing restrictions to be imposed upon Plaintiff prior to accepting any initiation of any new case in this Court." [1]

---

[1] As noted by the Magistrate Judge, a PACER search reveals that, as of the date of the Report and Recommendation, Plaintiff had "filed a total of 208 cases at the district court level, and 62 appeals to the circuit courts." (Doc. 2 at 4).

Plaintiff filed objections on October 13, 2020 (Doc. 3) and a "notice" on October 26, 2020 (Doc. 4).

**A. Objections**

Plaintiff's objections (Doc. 3) are not well taken.

"The filing of objections provides the district court with the opportunity to consider the *specific* contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (emphasis added). "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[] to the report and recommendation and refer[] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Here, Plaintiff's objections do not identify any specific errors in the Magistrate Judge's analysis. (*See generally* Doc. 3). Instead, Plaintiff's objections merely disagree with several of the Magistrate Judge's conclusions. (*See generally id.*). Such generalized contentions fail to constitute the type of specific objections contemplated by Fed. R. Civ. P. 72(b).

Moreover, upon *de novo* review, the Court finds the Magistrate Judge's recommendations to be thorough, accurate, and well-reasoned. (*See generally* Doc. 2). As such, the Court concludes that Petitioner's objections to the Report and Recommendation must be **OVERRULED**.

2

**B. Notice**

Plaintiff's notice (Doc. 4) is not well taken either.

In the notice, Plaintiff asks the Court to approve the "transfer[] of all [the] Southern District of Ohio matters" he has filed to another venue.[2] (*Id.* at 6). Plaintiff references three such matters with specificity: 2:20-CV-1558, which was assigned to Judge Edmund A. Sargus, Jr.; 1:20-CV-702, which was assigned to Judge Susan J. Dlott; and 1:20-CV-776, which was assigned to this Court. (*See* Doc. 4 at 1). Plaintiff argues that transfer is appropriate "under the guidelines [set forth] in 28 U.S. Code Section 1404(a)." (Doc. 4 at 2).

As an initial matter, Plaintiff's transfer request fails insofar as it asks this Court to transfer cases 2:20-CV-1558 and 1:20-CV-702 to another venue. It would not be appropriate for this Court to transfer cases assigned to other Judges.

Moreover, Plaintiff's transfer request fails insofar as it relates to the instant litigation. This case is subject to dismissal for all the reasons set forth in the Report and Recommendation. (*See generally* Doc. 2). And this Court will not transfer a case that should properly be dismissed.[3]

For the foregoing reasons, Plaintiff's notice must be **DENIED**.

---

[2] Plaintiff also asks the Court to withdraw his "*pro se* status" under Fed. R. Civ. P. 74. (Doc. 4 at 2, 6). But this request makes little sense. On the Court's review, Fed. R. Civ. P. 74 was abrogated in 1997. *See Deptula v. Rosen*, No. 1:20-CV-2371, 2020 WL 6135793, at *2 (S.D.N.Y. Oct. 16, 2020) ("[T]here is no Fed. R. Civ. P. 74.").

[3] The Court would also note that, while Plaintiff's notice argues that transfer is appropriate, Plaintiff's notice never specifies where (*i.e.*, to what other jurisdiction) this case should go. (*See generally* Doc. 4). This failure presents another independent basis on which to deny Plaintiff's requested transfer.

### C. Conclusion

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the Report and Recommendation should be and is hereby adopted in its entirety.

Accordingly:

1. The Report and Recommendation (Doc. 2) is **ADOPTED**;

2. Plaintiff's objections (Doc. 3) are **OVERRULED**;

3. Plaintiff's notice (Doc. 4) is **DENIED**;

4. The Clerk of Court **SHALL** correct the typographical error in the record to reflect the correct spelling of the name of the first Defendant, the Office of the Comptroller of the Currency;

5. This case is **DISMISSED** as entirely duplicative of a pending case in Texas, and for lack of subject matter jurisdiction and venue;

6. Plaintiff is **DECLARED** a harassing and vexatious litigator and is, therefore, **ENJOINED AND PROHIBITED** from filing any additional complaints, or from otherwise initiating any new civil case in the Southern District of Ohio, unless:

    a. Any document that seeks to open a new civil case is accompanied by a complete copy of the tendered complaint as well as a copy of the Order issued by Judge Dlott on November 3, 2020 in *Greene v. Greyhound Lines, Inc.*, No. 1:20-CV-702;[4]

    b. The tendered complaint has been certified as non-frivolous by an attorney in good standing in this Court;

---

[4] Judge Dlott recently deemed Plaintiff a vexatious litigator and imposed filing restrictions on Plaintiff in another Southern District of Ohio case. *Greene v. Greyhound Lines, Inc.*, No. 1:20-CV-702, slip op. at 3–4 (S.D. Ohio Nov. 3, 2020). For sake of consistency, this Court adopts the same filings restrictions as those imposed by Judge Dlott in that case.

4

    c. The complaint is accompanied either by payment of the full filing fee or a motion seeking leave to proceed *in forma pauperis*;

7. The Clerk of Court is **DIRECTED** not to open any new civil cases in Plaintiff's name absent full compliance with the above restrictions and is instructed to dispose of such documents;

8. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would not be taken in good faith and, therefore, this Court **DENIES** Plaintiff leave to appeal *in forma pauperis*; and

9. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

    **IT IS SO ORDERED.**

Date:   11/5/2020                                         *s/Timothy S. Black*
                                                                         Timothy S. Black
                                                                         United States District Judge